THE PEOPLE *v.* BOCANEGRA.

APPEAL from the District Court of Aguadilla.

No. 41.—Decided December 15, 1905.

APPEAL—FINDINGS UPON THE EVIDENCE—STENOGRAPHER'S NOTES—STATEMENT OF FACTS—BILL OF EXCEPTIONS.—The notes taken by the stenographer during the trial cannot serve on appeal as a basis for a consideration of the findings upon the evidence, inasmuch as the evidence should be set out in a bill of exceptions or a statement of facts, in the absence of which it will be presumed that the verdict is according to law.

MURDER IN THE SECOND DEGREE—INCREASING TERM OF PUNISHMENT.—The court has the power to sentence a defendant convicted of murder in the second degree to life imprisonment, inasmuch as where the code specifies that the punishment shall be imprisonment for a term not less than a certain number of years without fixing the limit of duration of such imprisonment, as is the case here, the court may condemn him to life imprisonment or to imprisonment for any number of years not less than the term fixed by the law.

ID.—POWERS OF JURY AND COURT.—It is the province of the jury to declare the accused guilty or innocent of the crime charged in the information and determine, in a proper case, the degree of the crime committed, but it is the duty of the court to render judgment and fix therein the punishment in each case; and if such punishment is not in excess of the limits specified by the Code and it is not shown that there has been an abuse of the discretionary power conferred upon the judge by law, the judgment will not be disturbed.

ID.—CRUEL AND UNUSUAL PUNISHMENT.—Life imprisonment cannot be qualified as a cruel and unusual punishment and, therefore, the provisions of the Eighth Amendment to the Constitution of the United States are inapplicable.

The facts are stated in the opinion.

*Mr. Martinez Quintero* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE HERNAÑDEZ delivered the opinion of the court.

This is an appeal taken by Juan Bocanegra Nuñez, from a judgment of the District Court of Aguadilla.

The information which is the beginning of this prosecution, is couched in the following language:

"In the name and by the authority of The People of Porto Rico. United States of America, *ss:* The President of the United States. *The People of Porto Rico* v. *Juan Bocanegra Nuñez.* In the District Court of Mayaguez, May 11, 1904. Juan Bocanegra Nuñez is accused by information filed by the *fiscal* of the crime of murder in the first degree (a felony), committed as follows: The said Juan Bocanegra Nuñez, while a member of the insular police, stationed at La Moca, maintained illicit relations with Onofre Chacon é Hidalgo, a married woman, and had sought to have said woman leave the house in which she was living, which was that of her father, Alejandro Chacon, and go away with him; and upon Onofre refusing to do so, he, with premeditation and deliberation decided to kill her unlawfully and maliciously, and with this end in view, on the night of April 2d of the current year, 1904, he went to the town of Aguadilla, which forms part of this judicial district, where the said Onofre Chacon lived, concealed himself under her house and lay in wait for

her to come out, and when he saw said Onofre on the balcony, he left the place where he was hiding, and grasping her by the dress she wore, fired at her once with a regulation revolver he carried, the shot causing her immediate death. This act is contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico.—Libertad Torres Grau, district *fiscal.*

"The above information is based upon the sworn testimony of witnesses examined by me, and I solemnly believe that there is just cause for the filing of this information.—Libertad Torres Grau, district *fiscal.*

"Sworn to and signed before me this 11th day of May, 1904.—Juan Arroyo Mestre, clerk of the District Court of Mayaguez. (Seal.)"

The defendant pleaded not guilty of the crime charged against him, and a day having been set for the trial by jury, which took place in the District Court of Aguadilla, the jury returned a verdict of guilty of murder in the second degree against the defendant, and the court, by a judgment of October 31st of last year, sentenced him to life imprisonment in the penitentiary at hard labor.

From this judgment counsel for the defendant took an appeal which said counsel has prosecuted in this Supreme Court, filing a written brief and making an oral argument alleging that the penalty imposed being that fixed by the Penal Code for the crime of murder in the first degree with extenuating circumstances, it should not have been applied in this case, because the evidence was not sufficiently clear to deduce therefrom the existence of aggravating circumstances, and because the jury having held that the appellant was guilty only of murder in the second degree, it is clear that it did not intend that he should suffer the penalty for murder in the first degree with extenuating circumstances. Counsel also alleged that the Eighth Amendment to the Constitution of the United States, which prohibits the imposition of cruel and unusual punishments, had been violated.

We cannot enter upon an examination of the evidence heard at the trial to ascertain whether it showed the existence

of aggravating or extenuating circumstances, because although stenographic notes have come with the record giving this evidence in detail, such notes cannot serve as a basis for the discussion of the weight given to the evidence by the jury; but to this end it would be necessary to present a bill of exceptions or a statement of facts showing in an authentic manner the result of the evidence heard at the trial, according to the doctrine already announced by this Supreme Court and fully discussed in cases No. 62 of *The People of Porto Rico* v. *Juan de Mata Eligier and Juan del Carmen Grolo,* and No. 61, of *The People of Porto Rico* v. *Eusebio Torres Candelaria.*

Accepting the verdict of the jury as found, which it is to be presumed must conform to law and the evidence, unless the contrary be proved, the judge of Aguadilla acted within his powers in imposing upon the appellant the penalty of life imprisonment, because section 202 of the Penal Code provides that every person guilty of murder in the second degree is punishable by imprisonment in the penitentiary not less than ten years, and section 33 of the same Code provides that ''Whenever any person is declared punishable for a crime by imprisonment in the penitentiary for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the court authorized to pronounce judgment upon such conviction may, in its discretion, sentence such offender to imprisonment during his natural life, or for any number of years not less than that prescribed.''

It is true that in cases like this one it is for the jury to declare the defendant guilty or not guilty of the crime charged in the information and to determine, when proper, the degree of the crime committed, according to sections 283 and 284 of the Code of Criminal Procedure; but it is the duty of the court authorized to pronounce judgment to fix the penalty to be imposed in each special case within the limits prescribed by the Penal Code, as provided by the said code in its section 28; and the District Judge of Aguadilla proceeded within

these limits without acting against the verdict of the jury, and without it having been shown that he abused the discretional power which the law vests in him.

We deny that the sentence of life imprisonment imposed on the defendant is cruel and unusual. This penalty is one of those provided for in the Penal Code in force in this Island, and the Eighth Amendment to the Constitution of the United States is not applicable thereto.

For reasons stated, in our opinion, the judgment appealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.